# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SSM MANAGED CARE ORGANIZATION, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:12-CV-2386 CAS |
| COMPREHENSIVE BEHAVIORAL CARE, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court following a hearing on counsel for defendant Comprehensive Behavioral Care Inc.'s motions for leave to withdraw. As announced from the bench, the motions will be held in abeyance, and the Court will impose a notice of withdrawal period until January 6, 2014. The Court will permit defense counsel to withdraw from representation of the defendant on January 6, 2014, regardless of whether defendant has retained substitute counsel.

**Background**.

Plaintiff filed this action against defendant for breach of a Facility Provider Agreement. Defendant appeared in this action and filed its answer through attorneys Nicole Galli and Stephen Ferguson of the law firm Benesch and Friedlander and attorney Jordan Ault of the law firm Husch Blackwell, LLP. The parties submitted a joint scheduling plan on April 12, 2013, and the Court issued a Case Management Order on April 17, 2013. The case was scheduled for court-ordered mediation on November 19, 2013.

On November 4, 2013, defendant's counsel filed motions to withdraw. Counsel stated that defendant has not abided by the client agreements with the attorneys' law firms, "which has created

irreconcilable differences between [the law firms] and [defendant] CompCare that have not been resolved." Counsel states that withdrawal is proper.

**Discussion**

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

"Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court will hold in abeyance defense counsel's motions for leave to withdraw as counsel and order defendant to obtain substitute counsel no later than January 6, 2014. If defendant Comprehensive Behavioral Care, Inc. fails to obtain substitute counsel within that time, it may be subject to a default judgment in favor of plaintiff. See Forsythe v. Hales, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se). Defense counsel's requests to withdraw from

representation of defendant will be granted when substitute counsel enters an appearance or on January 6, 2014, whichever occurs first.

Accordingly,

**IT IS HEREBY ORDERED** that counsel Nicole Galli, Stephen Ferguson, and Jordan Ault's motions for leave to withdraw as counsel for defendant will be held in **abeyance** and the Court will impose a withdrawal notice period until January 6, 2014.

**IT IS FURTHER ORDERED** that defendant Comprehensive Behavioral Care, Inc. shall obtain substitute counsel no later than January 6, 2014.

**IT IS FURTHER ORDERED** that defendant's substitute counsel, if any, shall file an entry of appearance no later than January 6, 2014.

**IT IS FURTHER ORDERED** that counsel for defendant shall provide a certified copy of this Memorandum and Order to the defendant and file a notice with the Court that this has been done, within ten days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that on January 6, 2014, or upon the entry of substitute counsel, whichever comes earlier, the Court will issue an order granting the request of attorneys Nicole Galli and Stephen Ferguson of the law firm Benesch and Friedlander and attorney Jordan Ault of the law firm Husch Blackwell, LLC to withdraw from their representation of defendant.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending further order of the Court.

                                                                    _____
                                                                    **CHARLES A. SHAW**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated this 5th day of December, 2013.