UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SSM MANAGED CARE ORGANIZATION, L.L.C., ) ) ) Plaintiff, ) ) v. ) ) COMPREHENSIVE BEHAVIORAL CARE, ) INC., ) ) Defendant. ) | No. 4:12-CV-2386 CAS |

# MEMORANDUM AND ORDER

This matter is before the Court on counsel for defendant Comprehensive Behavioral Care Inc.'s motions for leave to withdraw. For the following reasons, the motions will be granted.

**Withdrawal of Defense Counsel**

On December 5, 2013, the Court held a hearing on defense counsel's motions to withdraw. The motions were unopposed. The Court held defense counsel's motions for leave to withdraw in abeyance and imposed a notice of withdrawal period until January 6, 2014. See Doc. 44. The Court ordered defendant Comprehensive Behavioral Care, Inc. to obtain substitute counsel no later than January 6, 2014. The Court also stated that defense counsel would be allowed to withdraw on January 6, 2014, or upon the entry of substitute counsel. Because defendant has not obtained substitute counsel by the deadline imposed, and has received adequate notice that the Court would permit its attorneys to withdraw from representation in this matter, the Court will grant defense counsel's motions to withdraw from representation of the defendant in this matter.

**Default by Corporate Defendant**

A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." Woods v. KC Masterpiece, No. 4:04-CV-936 CAS, slip op. at 1 (E.D. Mo. May 14, 2006) (quoting R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996)); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In the Memorandum and Order of December 5, 2013, the Court informed defendant that default judgment may be entered against it if defendant failed to obtain substitute counsel. As stated above, defendant has not obtained substitute counsel, and the Court has permitted former defense counsel to withdraw. Therefore, the Court will order plaintiff to file motions to strike defendant's pleadings, for clerk's entry of default and, if appropriate, for default judgment, within twenty days of the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that attorneys Nicole Galli, Stephen Ferguson, and Jordan Ault's motions for leave to withdraw as counsel of record for defendant Comprehensive Behavioral Care, Inc. are **GRANTED**. [Docs. 35, 36, and 37]

**IT IS FURTHER ORDERED** that attorneys Nicole Galli and Stephen Ferguson and the law firm of Benesch and Friedlander, LLP and attorney Jordan Ault and the law firm Husch

Blackwell, LLP are granted leave to withdraw from the representation of defendant Comprehensive Behavioral Care, Inc. in this matter.

**IT IS FURTHER ORDERED** that within twenty (20) days of this Memorandum and Order, plaintiff shall file separate motions to strike defendant Comprehensive Behavioral Care, Inc.'s pleadings, for clerk's entry of default and, if appropriate, for default judgment, along with all necessary supporting documentation and proposed order(s).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to defendant Comprehensive Behavioral Care, Inc., c/o Clark A. Marcus, 3405 W. Dr. Martin Luther King Jr. Blvd., Suite 101, Tampa, Florida 33607.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of January, 2014.