UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SSM MANAGED CARE ORGANIZATION, L.L.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:12-CV-2386 CAS ) |
| COMPREHENSIVE BEHAVIORAL CARE, INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to strike defendant's answer. For the following reasons, the Court will grant plaintiff's motion to strike.

**I. Background**

Plaintiff filed this action against defendant for breach of a Facility Provider Agreement. Defendant appeared in this action and filed its answer through attorneys Nicole Galli and Stephen Ferguson of the law firm Benesch and Friedlander and attorney Jordan Ault of the law firm Husch Blackwell, LLP. The parties submitted a joint scheduling plan on April 12, 2013, and the Court issued a Case Management Order on April 17, 2013. The case was scheduled for court-ordered mediation on November 19, 2013.

On November 4, 2013, defendant's counsel filed motions to withdraw. Counsel stated that defendant has not abided by the client agreements with the attorneys' law firms, "which has created irreconcilable differences between [the law firms] and [defendant] CompCare that have not been resolved." On December 5, 2013, after a hearing, the Court held the motions in abeyance, and ordered defendant to obtain substitute counsel no later than January 6, 2014. Defendant did not

obtain substitute counsel by January 6, 2014. The Court granted defense counsel's motions to withdraw on January 16, 2014. In response to the Court's order of January 16, 2014, plaintiff's counsel filed, inter alia, a motion to strike defendant's pleadings.

**II.     Discussion**

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2012). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." Woods v. KC Masterpiece, No. 4:04-CV-936 CAS, slip op. at 1 (E.D. Mo. May 14, 2006) (quoting R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996)); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

Based on the foregoing, the Court will strike defendant's answer. Defendant has failed to comply with the Court's order of December 5, 2013, and based on defendant's inaction since early November 2013, it is apparent that defendant will not comply with the Court's order in the future.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike defendant's answer is **GRANTED**. [Doc. 48]

**IT IS FURTHER ORDERED** that the answer of defendant Comprehensive Behavioral Care, Inc. is **STRICKEN** from the record. [Doc. 16]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to defendant Comprehensive Behavioral Care, Inc., c/o Clark A. Marcus, 3405 W. Dr. Martin Luther King Jr. Blvd., Suite 101, Tampa, Florida 33607.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of January, 2014.