UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SSM MANAGED CARE ORGANIZATION, L.L.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:12-CV-2386 CAS ) |
| COMPREHENSIVE BEHAVIORAL CARE, INC., | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff SSM Managed Care Organization, L.L.C.'s ("SSM") motion for default judgment. For the following reasons, the Court will grant SSM's motion and award it default judgment in the amount of $3,637,382.76.

**I.    Background**

This case arises out of defendant Comprehensive Behavioral Care, Inc.'s ("CompCare") failure to pay or respond to 227 claims related to medical services provided by SSM to covered patients between November 23, 2010 and June 2013. SSM alleges that CompCare breached the parties' Letter Agreement and Facility Provider Agreement by failing to pay these claims and violated Missouri's Prompt Pay Act, Mo. Rev. Stat. § 376.383. SSM seeks to recover in damages the amounts owed for these outstanding claims under the parties' contracts, as well as the penalties and interest and reasonable attorneys' fees under § 376.383(6) of the Prompt Pay Act.

Defendant appeared in this action and filed its answer. The parties submitted a joint scheduling plan, and the Court issued a Case Management Order on April 17, 2013. The case was scheduled for court-ordered mediation on November 19, 2013.

On November 4, 2013, defendant's counsel filed motions to withdraw. Counsel stated that defendant has not abided by the client agreements with the attorneys' law firms, "which has created irreconcilable differences between [the law firms] and [defendant] CompCare that have not been resolved." On December 5, 2013, after a hearing, the Court held the motions in abeyance, and ordered defendant to obtain substitute counsel no later than January 6, 2014. Defendant did not obtain substitute counsel by January 6, 2014. The Court granted defense counsel's motions to withdraw on January 16, 2014. SSM filed a motion to strike CompCare's pleadings, which the Court granted. SSM filed a motion for entry of default, and the Clerk of Court entered default against CompCare on January 23, 2014. SSM now moves for default judgment.

**II. Discussion**

When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, the facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (even if liability for tortious interference with contract was established, which includes an element of loss, the plaintiff still had to prove actual damages to a reasonable degree of certainty); American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859, 863 (8th Cir. 2001) (court properly found plaintiff failed to prove its damages where its damages expert's testimony and valuation methods were suspect, and the expert failed to adequately separate out alleged damages due to legitimate competition). A default judgment cannot be entered until the amount of damages has been ascertained. Hagen v. Sisseton-Wahpeton Community College, 205 F.3d 1040, 1042 (8th Cir. 2000). A party entitled to default judgment is


required to prove the amount of damages that should be awarded. Oberstar v. F.D.I.C., 987 F.2d 494, 505 n.9 (8th Cir. 1993).

### A. Amount of Damages for Unpaid Claims

Pursuant to Missouri Revised Statutes § 376.383(6),

> [i]f the health carrier has not paid the claimant on or before the forty-fifth processing day from the date of receipt of the claim, the health carrier shall pay the claimant one percent interest per month and a penalty in an amount equal to one percent of the claim per day. The interest and penalty shall be calculated based upon the unpaid balance of the claim as of the forty-fifth processing day. . . . Such interest and penalties shall cease to accrue on the day after a petition is filed in a court of competent jurisdiction to recover payment of such claim. . . .

Mo. Rev. Stat. § 376.383(6).

In support of its motion for default judgment, SSM has submitted an affidavit of Louis C. Rotter, Jr., the Network Vice President-Chief Contracting Officer for SSM Health Care St. Louis. Mr. Rotter's affidavit calculates the amount of damages due on the 155 claims CompCare failed to pay SSM as required by the Letter Agreement. (Rottler Aff. ¶¶ 8-25). Mr. Rottler's affidavit also calculates the amount of damages due on the 72 claims CompCare failed to pay SSM as required by the Facility Provider Agreement. (Id. ¶¶ 26-42).

Based on the affidavit of Mr. Rottler and the accompanying spreadsheets attached thereto as Exhibit 1, the amount SSM is entitled to recover from CompCare for the 155 claims under the terms of the Letter Agreement is $642,748.40. In addition, SSM is entitled to receive statutory interest at one percent under the Missouri Prompt Pay Act. See Mo. Rev. Stat. § 376.383(6). SSM calculated the amount of interest at one percent of the "Amount CompCare Owes Under Contract" per month beginning on the "45th Day Following CompCare's Receipt" of the claim and ending on the date

SSM filed this lawsuit. The interest calculation for the 155 claims is $61,382.11. See Rottler Aff.; Ex. 1.

The Missouri Prompt Pay Act also contains a statutory penalty in the amount of one percent of the claim per day. See Mo. Rev. Stat. § 376.383(6). SSM calculated the amount of penalties at one percent of the "Amount CompCare Owes Under Contract" per day beginning on the "45th Day Following CompCare's Receipt" of the claim and ending on the date SSM filed this lawsuit. The penalty calculation for the 155 claims is $1,870,913.84. See Rottler Aff. ¶ 24; Ex. 1.

As detailed in Mr. Rottler's affidavit and the spreadsheet attached as Exhibit 1, SSM is entitled to recover $2,575,044.35 from CompCare for the 155 claims submitted under the Letter Agreement. See Rottler Aff. ¶ 25; Ex. 1.

In addition to these 155 claims under the Letter Agreement, CompCare failed to pay 72 claims as required by the Facility Provider Agreement. SSM provides a column-by-column explanation of these damages in Exhibit 2 to Mr. Rottler's affidavit. The amount owed to SSM under the agreement for these 72 claims is $805,880.80. Additionally, SSM is entitled to one percent interest per month under the Missouri Prompt Pay Act, which is calculated at $5,927.13; and penalties of one percent per day under the Missouri Prompt Pay Act, which is calculated at $180,514.82. The total amount of damages owed to SSM from CompCare on the 72 claims under the Facility Provider Agreement is $992,322.75. See Rottler Aff. ¶ 42; Ex. 2.

### B. Attorneys' Fees and Costs

Missouri Revised Statute § 376.383(6) also provides that "[u]pon a finding by a court of competent jurisdiction that a health carrier failed to pay a claim, interest, or penalty without good cause, the court shall enter judgment for reasonable attorney fees for services necessary for recovery."

Mo. Rev. Stat. § 376.383(6). To prove the amount of its attorneys' fees and costs, SSM has attached the affidavit of Kevin F. Hormuth, an officer of the law firm Greensfelder, Hemker & Gale, P.C. ("Greensfelder"). Attached to Mr. Hormuth's affidavit is an itemized billing record that provides for the total amount of time expended and expenses incurred by each lawyer or paralegal for each day, and a detailed description of the particular litigation task performed. In total, SSM seeks $69,829.37 in attorneys' fees for work performed from August 1, 2012 through February 4, 2014. SSM's litigation costs total $186.29 for this same time period.

In a diversity case such as this, federal courts follow state law regarding an award of attorneys' fees, absent conflict with a federal statute or court rule. See Schaefer v. Spider Staging Corp., 275 F.3d 735 (8th Cir. 2002) (district court in diversity case properly considered reasonableness of attorneys' fee submissions under standards established by Missouri law). The general rule in Missouri is that attorneys' fees are only recoverable when a statute specifically authorizes recovery or when attorneys' fees are provided by contract. See Rental Co., LLC v. Carter Group, Inc., 399 S.W.3d 63, 67 (Mo. Ct. App. 2013). Here, the fees are authorized by statute. Relevant factors in determining the reasonable value and amount of statutorily authorized fees include: (1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; (2) the number of hours reasonably expended on the litigation; (3) the nature and character of the services rendered; (4) the degree of professional ability required; (5) the nature and importance of the subject matter; (6) the amount involved or the result obtained; and (7) the vigor of the opposition. See Berry v. Volkswagen Group of Am., Inc., 397 S.W.3d 425, 431 (Mo. 2013) (en banc).

In this case, four Greensfelder attorneys billed at various rates. Officer Gregg Lepper billed at $380/hour; officer Kevin Hormuth billed at $310 (and later $327.75)/hour; officer David Niemeier billed at $274.50/hour; and attorney James Walkup billed at $235 (and later $247.50)/hour. The paralegals involved in this case billed at a rate of $155/hour. The Court finds these rates in line with the prevailing rates for St. Louis attorneys, particularly those practicing in health care litigation. Missouri Lawyer's Weekly has compiled lists of billing rates in its Fourth Annual Corporate Counsel Desk Book. See CORPORATE COUNSEL DESK BOOK (Missouri Lawyers Weekly, 2014 ed.); see e.g., Berry, 397 S.W.3d at 431 n.5 (citing Missouri Lawyers Weekly's Third Annual Corporate Counsel Desk Book). Although the lists are not necessarily comprehensive, they do establish that the billing rates for litigation partners in St. Louis region firms vary from a high of $495 to $550/hour to a low of $230 to $295/hour. See id. at 10-13. The officers at Greensfelder billed at rates of between $274.50 to $380/hour, which the Court finds reasonable based on the rates customarily charged by other attorneys in the community for similar services. Although it is unclear whether Mr. James Walkup was an associate or an officer at Greensfelder, his billing rate of $235 to $247.50/hour is reasonable (if not low) compared to litigation associates in the St. Louis area firms. See id. Finally, based on the Missouri Lawyers Weekly directory of billing rates, paralegals in the larger firms in St. Louis bill at a rate of $125 to $130/hour on the low end to $170 to $200/hour on the high end. Id. Greensfelder's paralegals billed at a rate of $155/hour, which the Court finds reasonable.

The Court has also reviewed the detailed descriptions of the work Greensfelder's attorneys performed on this case and the numbers of hours spent on that work. The Court finds both the nature of the services and the amount of time involved to be reasonable. SSM researched and filed this case, proceeded through initial disclosures and initial discovery, and prepared the case for mediation before

defendant CompCare defaulted.  The Court has examined the relevant factors in determining the reasonable value and amount of the statutorily authorized fees, and finds the fees charged by Greensfelder's attorneys to be reasonable for the services necessary for recovery in this action.  See Mo. Rev. Stat. § 376.383(6).  The Court will award Greensfelder its reasonable attorneys' fees from August 1, 2012 through February 4, 2014 in the amount of $69,829.37.  In addition, the Court will award Greensfelder its costs in the amount of $186.29.  The attorneys' fees plus costs for work performed by Greensfelder from August 1, 2012 through February 4, 2014 total $70,015.66.

### III. Conclusion

Based on the foregoing, the Court will enter default judgment in favor of plaintiff SSM and against defendant CompCare in the amount of Three Million Six Hundred Thirty-Seven Thousand Three Hundred Eighty-Two Dollars and Seventy-Six Cents ($3,637,382.76).  The stay previously imposed in this case will be lifted.

Accordingly,

**IT IS HEREBY ORDERED** that the stay of this case is lifted.

**IT IS FURTHER ORDERED** that plaintiff SSM Managed Care Organization, L.L.C.'s motion for default judgment is **GRANTED**.  [Doc. 52]

**IT IS FURTHER ORDERED** that default judgment will be entered in favor of plaintiff SSM Managed Care Organization, L.L.C. and against defendant Comprehensive Behavioral Care, Inc. in the amount of Three Million Six Hundred Thirty-Seven Thousand Three Hundred Eighty-Two Dollars and Seventy-Six Cents ($3,637,382.76).

An appropriate default judgment will accompany this Memorandum and Order.

_____
 **CHARLES A. SHAW**
 **UNITED STATES DISTRICT JUDGE**

Dated this   9th   day of April, 2014.